COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Overton


HONG KI MIN

                                          MEMORANDUM OPINION[*]
v.    Record No. 1150-96-3                     PER CURIAM
                                          NOVEMBER 12, 1996
SHEILA ANN ALLEN MIN


             FROM THE CIRCUIT COURT OF ROANOKE COUNTY
                        G. O. Clemens, Judge

          (Richard E. Viar; Dodson, Pence & Viar, on
          briefs), for appellant.

          (James R. Swanson; Phillips & Swanson, on
          brief), for appellee.



     Hong Ki Min (husband) appeals the decision of the circuit

court finding that Sheila Ann Allen Min (wife) was not cohabiting

with another man.  Husband contends that the court erred by (1)

relying on a single factor, financial support, to determine if

wife was cohabitating with an unrelated man, and (2) finding that

wife's interaction with the man was attributable to their

children's friendship.  Upon reviewing the record and briefs of

the parties, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the decision of the trial court.

 Rule 5A:27.

                      Permanent Cohabitation

     Under the terms of the parties' separation agreement,

husband's obligation to pay spousal support terminates upon,

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

among other events, "cohabitation by wife with an unrelated male on a permanent basis."  The Virginia Supreme Court has ruled that "the term 'cohabit' means 'to live together in the same house as married persons live together, or in the manner of husband and wife.'"  Schweider v. Schweider, 243 Va. 245, 248, 415 S.E.2d 135, 137 (1992) (citation omitted).  "While engaging in sexual relations is a factor in determining cohabitation, '"matrimonial cohabitation" consists of more than sexual relations.  It also imports the continuing condition of living together and carrying out the mutual responsibilities of the marital relationship.'"  Id. (citation omitted).

Husband alleged that wife was cohabitating with Robert Kopstein.  Numerous witnesses, including husband, wife, the parties' children, Kopstein, and the private investigator hired by husband, testified at the hearing.  Both wife and Kopstein testified that they were dating, but had not discussed marriage and had no plans to marry.  No one testified that wife and Kopstein were living together, although Kopstein spent the night at wife's home periodically.  Although wife and Kopstein shared some activities, they maintained separate residences, had separate friends and separate activities.  Wife testified Kopstein did not have, and never had been given, a key to her residence.  Kopstein admitted he sometimes parked his vehicles overnight at wife's home.  He testified that he traveled extensively for work and occasionally left his vehicles at wife's

2

residence because of a history of break-ins and car damage at his apartment complex. Husband testified that he often walked by Kopstein's apartment between 10:00 and 11:00 at night and that he saw lights on only two times. Husband also testified that he had not seen Kopstein's cars in the complex's parking lot since July 1995.

"The credibility of the witnesses is within the exclusive province of the finder of fact because it uniquely has the opportunity to see and hear the witnesses testify and weigh their credibility based upon their appearance, demeanor and manner of testifying." Estes v. Commonwealth, 8 Va. App. 520, 524, 382 S.E.2d 491, 493 (1989). The trial court believed the testimony of wife and Kopstein, noting that there was no evidence that wife shared financial support or living expenses with Kopstein or that they were holding themselves out as husband and wife. While they admitted having a sexual relationship, we cannot say the trial court was plainly wrong in ruling that husband failed to establish that wife's new relationship amounted to permanent cohabitation.

### Alleged Error in Factual Finding

Husband contends that the record does not support the trial court's finding that "much of the time [wife] and Mr. Kopstein spent together could be attributable to their involvement with their children and the friendship between their children." The parties' daughter, Katherine, testified that she was friends with

3

Rebecca Kopstein, who lived with Kopstein's ex-wife. Rebecca regularly visited Katherine at home, even when Kopstein was not there. Wife testified that the girls were friends and that she spoke with Kopstein's ex-wife to arrange Rebecca's overnight visits. The evidence established that wife and Kopstein took the children with them on several joint vacations.

Based upon this evidence, we cannot say that the trial court's finding was clearly erroneous. Moreover, that finding, even if erroneous, would not affect the court's finding that wife was not permanently cohabitating with Kopstein.

Accordingly, the decision of the circuit court is summarily affirmed.

<u>Affirmed.</u>